## COMMONWEALTH *vs.* MOSES L. STEBBINS.

A *scire facias*, in the name and behalf of the Commonwealth, on a recognizance for the appearance of the defendant in a criminal case, is a civil proceeding, and the defendant, if he prevails, is entitled to costs, under Rev. Sts. *c.* 121, § 22.

SCIRE FACIAS upon a recognizance entered into by the defendant as surety for the appearance of one complained of on a criminal charge, and who had made default. In the court of common pleas, the defendant demurred; judgment was rendered in his favor; and he claimed costs under Rev. Sts. *c.* 121, § 22, which provide that " in all civil suits and proceedings duly instituted and brought by or in the name of the Commonwealth, and not brought on the relation, or in behalf, or for the use, of

any private person, the Commonwealth shall be liable for costs, in like manner, and to the same extent, as any citizen would be, if the suit or proceeding had been instituted by him." The clerk declined to tax the costs; and, on appeal from his decision, *Byington*, J. ordered that the costs should be denied. The defendant alleged exceptions.

*C. Allen*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

Dewey, J. The only question presented in this case is whether this is a civil suit or proceeding. If so, the defendant, having had judgment in his favor, is entitled to his costs. Rev. Sts. *c.* 121, § 22.

A *scire facias* has, in the earlier elementary books, been described as a judicial writ, founded on some matter of record, as judgments and recognizances; and as having certain peculiar principles applicable to it, differing from ordinary original writs; and yet it is spoken of as an original writ, and the defendant may plead to it, as to an action. Bac. Ab. Scire Facias, (A.)

In this court, in the case of *Commonwealth* v. *M'Neill*, 19 Pick. 127, this whole subject of recognizances in criminal cases, and the manner of proceeding to enforce the payment of the same in case of a breach of the condition, is very elaborately considered. The position is directly affirmed, that the remedy to enforce such forfeiture is " by debt, or *scire facias*, which is a civil action." 19 Pick. 138. Such a recognizance therefore, when given in courts holding exclusive criminal jurisdiction, is, in the absence of any statute provision, required to be certified to a civil court, and there placed on the record, preliminary to issuing a *scire facias*.

So well was this understood, that, with a view to furnish greater facilities for prompt judgments, an act was passed, giving the municipal court of Boston concurrent jurisdiction with the court of common pleas and the supreme judicial court, of suits to enforce forfeitures on recognizances given in the municipal court. *St.* 1844, *c.* 44: And exclusive jurisdiction in such cases has been given to the criminal court, in those counties where by law there are established criminal terms of the court

of common pleas, distinct from civil terms. *St.* 1841, *c.* 111, § 3. But although the proceedings in these cases have been thus transferred to the criminal courts by various statutes, it throws some light upon the present question to find, as we do, that, in the statute last cited, these actions on recognizances are transferred to the criminal courts, by the description, " civil suits on recognizances entered into in criminal prosecutions."

Indeed, it would seem strange to call such actions by any other name, for they involve no criminal charge against the sureties. The forfeiture of the penalty of the recognizance is the extent of the liability they have assumed, and the payment of that fully discharges all their liability.

The court are of opinion that the present is a civil action, and the defendant is, by virtue of the provisions of the statute, entitled to                     *Judgment for costs*